(Pleito No. 34.—Fallado el 29 de Marzo de 1900. )

## BLÁZQUEZ contra FEO.

RECURSO contra sentencia dictada por el Tribunal de Distrito de San Juan.

PRUEBA.  En una acción sobre cobro de pesos por honorarios, devengados, la prueba debe ser clara y detallada con respecto al tiempo, lugar y naturaleza de los servicios prestados, y cuando los medios probatorios son insuficientes para hacer que los peritos puedan estimar el valor de dichos servicios, el recurso interpuesto no será procedente.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á veinte y nueve de Marzo de mil novecientos; en el juicio declarativo de menor cuantía seguido en el suprimido Juzgado de 1ª Instancia de Arecibo y en el Tribunal de Distrito de San Juan por Don Manuel Blázquez Acosta, Médico, con Don Desiderio Feo Hernández, comerciante, ambos vecinos de Manatí, sobre pago de cierta cantidad por honorarios, pendiente en este Tribunal Supremo en virtud de recurso de casación por infracción de ley interpuesto por Blázquez, dirigido y representado por el Letrado Don Manuel Rossy Calderón; habiéndolo estado la parte recurrida por el Letrado Don Hilario Cuevillas Hernández.—Resultando :  Que en veinte y uno de Noviembre de mil ochocientos noventa y ocho Don Manuel Blázquez, acompañando primero una carta de nueve de Octubre de dicho año firmada por Don Desiderio Feo, quien al acusar recibo de la que aquél le dirigiera en cinco del referido mes le manifiesta que si bien vino á esta Capital y se hizo la operación, no fué con el fin de ofenderle, ni menos desprestigiarle, pues siempre ha hablado bien de él; que su venida á la Capital fué por consejo de un amigo y por seguridad, temeroso le sorprendieran las partidas sediciosas, las que estuvieron en su casa la noche siguiente; que encuentra muy exagerada la cuenta, esperando le pase otra limitándose á otra cantidad moderada.—2º  Una cuenta fecha quince Noviembre del noventa y ocho, que dice:

"Don Desiderio Feo al Dr. Blázquez— Debe.—Por tres
meses de asistencia facultativa, durante los cuales ha prac-
ticado varias operaciones quirúrgicas y múltiples curacio-
nes, mil quinientos pesos.—Recibido á cuenta cincuenta
pesos.—Saldo á mi favor, mil cuatrocientos cincuenta
pesos.—Solicitó embargo preventivo en los bienes de Feo,
que fué decretado, practicándose el embargo en una finca
rústica de noventa y nueve cuerdas de terreno con lo en
ella enclavado, sin estar presente el deudor y sí Don Ra-
món Maldonado que fué nombrado Depositario, recayendo
el nombramiento después en Don Angel Maldonado.—Re-
sultando : Que acompañando los documentos, diligencias
expresadas y además certificación de haber intentado el acto
conciliatorio, presentó Blázquez demanda de menor cuantía,
para que se condenase á Don Desiderio Feo al pago de $1,450
con el interés legal desde que se constituyó en mora con las
costas.—Resultando : Que en apoyo de esta demanda alegó
Blázquez los siguientes hechos sustanciales : Que Don Desi-
derio Feo se trasladó desde la Florida á Manatí, para ser
asistido por el demandante de una uretritis intersticial y una
peri-uretritis, llamándole Don Desiderio Feo á principio de
Junio de mil ochocientos noventa y ocho, prestándole el
demandante sus servicios desde esa fecha hasta fines de
Agosto, dedicado exclusivamente al tratamiento de la enfer-
medad, sin poder salir de la localidad, acentuándose esa
necesidad en Julio que fué el de mayor gravedad, teniendo
que abandonar el servicio de la jurisdicción por necesitar á
veces sus auxilios tres horas consecutivas hasta dejarlo com-
pletamente tranquilo ; que el enfermo tenía fiebre alta y
dolores internos en el periné, y procediendo á hacer un reco-
nocimiento pudo apreciar estaba el periné infiltrado de orina
y al lado derecho de la uretra en su porción perineal la exis-
tencia de un flemón, procedió á dar salida á lo infiltrado
haciendo las aplicaciones resolutivas y demás indicaciones
oportunas ; que á los cuatro ó cinco días y antes de hacerse
clara la fluctuación se dedicó á operar, disecando capa por

capa y encontró el foco purulento, curó antisépticamente la herida, empezando á mejorar rápidamente, desapareciendo la fiebre y los dolores, recobrando el apetito y durmiendo tranquilamente, por quedar establecida la fístula y haber procedido á poner una sonda Nelatón permanente, curando antisépticamente el trayecto fistuloso y excitando su vitalidad cuando lo veía indolente ; que por la guerra se vió precisado á usar sondas de pequeño calibre y por las sales que se depositaban en la pared de la sonda estrechando su calibre, venía la salida por el trayecto fistuloso, y llamado, sacaba la sonda, le quitaba por el raspado las sales depositadas, la lavaba antisépticamente, así como á la vejiga, inyectando después solución de cocaína para disminuir la excitabilidad refleja del reservorio, curando antisépticamente el trayecto fistuloso, en cuyas operaciones empleaba dos y tres horas ; que en el tercer mes provisto el enfermo de buenas sondas procedió á la dilatación gradual de la uretra, llegando á restituir á este conducto su calibre normal ; que el demandado le suplicó le permitiera ir á la Florida por encontrarse bien, á lo que accedió dándole instrucciones y recomendándole le comunicara el resultado de éstas, por si veía tendencia á la cronicidad, proceder á operación quirúrgica, lo que no hizo, enterándose por un periódico había sido operado en la Capital ; que á Don Desiderio nadie le acompañaba cuando el demandante entraba en su habitación y no tenía quien le ayudara en los detalles mecánicos de orden secundario, prestándole no sólo sus servicios profesionales sino los de practicante y enfermero condolido de su ficticia situación económica; que durante el proceso de la enfermedad, aplicó los procedimientos y practicó las operaciones quirúrgicas que la ciencia aconseja en estos casos, hasta obtener en el tercer mes el resultado satisfactorio antes consignado ; que el demandado dió por terminados los servicios prestados por el demandante sin decirle nada, ni pagarle los profesionales, ni los mecánicos y manuales de practicante y enfermero prestados por sentimientos de caridad ante las manifestaciones de pobreza que le

hacía; que el valor de los honorarios, dice el demandado son exagerados y debe limitarlos á otra cantidad moderada; y que al tener noticias gestionaba la venta de sus bienes pidió y obtuvo el embargo preventivo, embargo cuya ratificación pide citando como fundamentos legales los artículos 1,088 1,091, 1,101, 1,108, 1,254, 1,256, 1,258, 1,261, 1,278 y 1,544 del Código Civil y la Ley 8, título 22, Pª 3ª — Resultando: Que Don Desiderio Feo contestó la demanda pidiendo se le absolviera de ella con las costas al actor, alzándose el embargo preventivo y pago de quinientos pesos por daños y perjuicios, á cuyo efecto sostuvo: que Blázquez le prestó sus servicios desde el tres al diez y seis de Junio de mil ochocientos noventa y ocho, abonándole por sus honorarios veinte y cinco pesos en una orden á su favor y cargo de Roses y Cª de Arecibo; y volviendo á utilizar sus servicios desde fines del citado mes hasta principios del siguiente Julio, le pagó por honorarios cincuenta pesos en otra orden á su favor y contra la mencionada casa de comercio; que continuando enfermo se trasladó á esta Capital donde fué operado por el Dr. Ordóñez asistido de los Dres. Núñez y Fraile; que sabedor Blázquez de esto y considerando ese hecho ofensivo á su reputación médica le dirigió las cartas adjuntas al anterior escrito, que tiene en autos presentadas cobrándole mil cuatrocientos cincuenta pesos por honorarios; que esa suma no sólo es indebida, sino excesiva; alegando los fundamentos de derecho de que el contrato de servicios médicos queda extinguido abonando la cantidad reclamada; que el ejercicio de la medicina es libre, sin estar sujeta á arancel; pero teniendo presente para los honorarios, la clase de enfermedad, resultado, posición del enfermo, crédito del profesor, tiempo empleado y distancia, y que el litigante temerario debe ser condenado en costas.—Resultando: Que abierto á prueba, de la del actor aparece: 1º Que el demandado reconoce ser suya la firma de la carta que refiere el primer resultando y confiesa llamó á Blázquez, no siendo cierto lo asistiera desde principios de Junio hasta fines de

Agosto, pues hubo intervalos en que no le asistió, habiéndole dado de alta dos veces antes de salir para la Florida; que cumplió con el actor escribiéndole y como no recibió contestaciones, se marchó á la Capital, habiéndole pagado primero veinte y cinco pesos y después cincuenta pesos; 2? Certificación de haber expedido el Farmacéutico Don Clemente Ramírez diez y ocho recetas formuladas por el Dr. Blázquez para el demandado en mil ochocientos noventa y ocho, siete en Junio, siete en Julio, tres en Agosto y una en Octubre; 3? Seis testigos declaran que Don Desiderio Feo residió en Manatí desde 1? de Junio á fines de Agosto enfermo, siendo el mes de Julio el de mayor gravedad, asistiéndolo Blázquez durante ese tiempo tres veces al día, dedicado exclusivamente á él, durante las visitas una hora y hora y media sin que nadie acompañara al actor en las curaciones, ni practicante ni enfermero, dándole un plan curativo cuando salió para la Florida al enfermo, recomendándole le escribiera y Feo dejó de escribirle; que éste gozaba posición social y económica desahogada; que Blázquez no podía dedicarse á otro paciente y prestaba no sólo sus servicios profesionales si que los mecánicos y manuales; 4? Prueba pericial: La Subdelegación de Medicina y Cirujía en quince de Febrero de mil ochocientos noventa y nueve á la consulta que el actor hace contesta que la duración del tratamiento de las consecuencias de la uretritis es muy variable según los procedimintos que se empleen para tratarlos; y en el caso especial de fístula se abrevia mucho interviniendo quirúrgicamente en la estrechez que la originó, y es mas seguro el éxito que empleando el procedimiento lento de intervención en el trayecto fistuloso y el sondaje permanente, el cual lleva á tener que realizar al fin la operación que pudo haberse realizado en los comienzos; que es verosímil el plazo de. tres meses empleados por el Dr. Blázquez en la asistencia, dado el procedimiento que describe, necesitando asistencia asidua y esmerada, como que del apropiado tratamiento y de los cuidados

convenientes depende el buen resultado de la curación; que no es posible determinar si el tratamiento empleado es el que debió seguirse, porque depende su elección de las condiciones de la estrechez que unas veces permite intentar la dilatación gradual bien dirigida y con los elementos necesarios, y otras la operación desde el primer momento, no siendo posible valuar la cuantía de los servicios prestados por el facultativo, pues se ignoran los caracteres y circunstancias de las lesiones del caso en cuestión, no pudiendo decidirse, si en cada momento se ha llevado ó no la indicación en la forma que hoy la ciencia aconseja en casos como el presente.—Resultando: Que de la prueba del demandado aparece: 1º La prueba pericial solicitada á la Subdelegación de Medicina y Cirugía quien en cuatro de Febrero del noventa y nueve expuso: que no especificándose en la cuenta los servicios prestados por el Dr. Blázquez de índole médica ó quirúrgica, cerca de su cliente y sí todos englobados ascendentes á mil quinientos pesos, no conociendo en detalle esos servicios ni en número, ni en naturaleza, pues de las cartas tenidas á la vista no se deducen naturalmente, es imposible regular cumplidamente los honorarios.—2º La confesión de Blázquez expresando que antes de Junio asistió al demandado de un catarro de vegiga, por lo que recibió de Roses y Cª veinte y cinco pesos; que á principios de Junio fué llamado para una afección del aparato urinario habiéndole asistido hasta fines de Agosto, entregándole á mediados de Julio voluntariamente una orden contra Roses y Cª por cincuenta pesos; á cuenta de los servicios prestados y que se le prestara.—3º Declaración de Don Fernando Núñez Salaraín, Don José Ordóñez Góñez y Don Florentino Fraile y Moscat que consignan intervinieron en la operación quirúrgica que se practicó á Don Desiderio Feo, consistente en una uretrotomía interna método "Marsonave" para destruir un gran seno fistuloso, habiendo conseguido una vez restablecida la permeabilidad y facilidad en el paso de la orina su completa curación; que al ser operado Don Desiderio no presentaba cicatriz alguna,

señal ni vestigio de haber sido operado anteriormente.—Resultando: Que unidas las pruebas á los autos se dictó sentencia por el Juez de 1ª Instancia de Arecibo declarando con lugar la demanda y condenando á Don Desiderio á pagar á Blázquez mil cuatrocientos cincuenta pesos con los intereses legales y las costas, y apelada dictó el Tribunal de Distrito de San Juan en doce de Septiembre último otra, por la que revocando aquélla absuelve al demandado de la demanda sin especial condena de costas.—Resultando: Que el Dr. Don Manuel Blázquez ha interpuesto recurso de casación por infracción de ley como comprendido en los casos 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil y el párrafo 79 de la Orden General número 118, alegando haberse infringido: 1º El artículo 1,225 del Código Civil, porque reconocida por el demandado la carta de nueve de Octubre de mil ochocientos noventa y ocho aparece que Blázquez le prestó asistencia médica y debe por lo tanto esa asistencia, encontrando que lo que le cobra es exagerado. De igual modo se aplican erróneamente los 1,214, 1,231, 1,232, 1,242, 1,248, 1,261 del Código indicado.—2º Los dos hechos antes mencionados deben examinarse juntos, y probando Blázquez asistió á Feo tres meses en cuyo tiempo le hizo continuas visitas, tres de día de una á tres horas, le dió diez y ocho recetas que se repetían, no existiendo en nuestro derecho ley ni doctrina que exija el dictamen pericial para saber si los honorarios profesionales son ó no excesivos, viniendo frente á esto dos afirmaciones antitéticas del deudor, la carta y su contestación á la demanda; comprobando con la carta, con las recetas y con testigos le debe, al contrario le incumbe probar que no debe ó que es excesiva la cuenta, para no infringir la Ley del contrato, desconecer la prueba de confesión y dar como probadas las excepciones.—Resultando: Que tramitado el recurso y señalado día para la vista el recurrente lo sostuvo, impugnándolo el recurrido.—Siendo Ponente el Juez Asociado Don Juan Morera Martínez.—Considerando: Que la

carta reconocida no comprueba ni demuestra que el de-
mandado adeude al demandante el montante que le reclama,
ni con ella pueden quedar comprobados los hechos de la
demanda, pues lo único que se deduce es la asistencia facul-
tativa, sin conocerse los servicios en detalle ni en número, ni
en naturaleza, ni en tiempo, cual sería preciso para que
el recurso pudiera prosperar, fundado el motivo 1º; de sentar
es que la Sala sentenciadora no ha infringido el artículo 1,225
del Código Civil, ni ha aplicado erróneamente los 1,214, 1,231,
y 1,232 de dicho cuerpo legal.—Considerando: Que no es lícito
dividir los elementos probatorios que han formado y deben
formar el convencimiento del Tribunal, porque el mayor ó
menor valor que un elemento probatorio tenga, no puede
desvirtuar la apreciación de la prueba en conjunto, á menos
que se demuestre se ha faltado en esa apreciación á las
disposiciones legales que tratan de los medios de prueba de
que pueden valerse las partes.—Considerando: Que apre-
ciado en conjunto por el Tribunal sentenciador los diversos
medios de prueba empleados por demandante y demandado,
no apareciendo de ellos la prueba de la certeza total ni
parcial del crédito reclamado, para que el Tribunal senten-
ciador pudiera fijar, sino lo pedido, al menos una suma
inferior; siendo sólo diez y ocho, entre ellas una de Octu-
bre, el número de las recetas durante la enfermedad expedi-
das por el Farmacéutico; no pudiendo dictaminar la Sub-
delegación de medicina y cirujía por falta de datos y no ser
suficientes los que en autos existen para valorar los honora-
rios reclamados, no apareciendo cicatriz, señal ni vestigio
alguno de que Don Desiderio Feo fuera operado anterior-
mente á la que en esta Capital practicaron los facultativos,
no es posible sostener sea procedente el recurso por el segundo
motivo, ni menos que el Tribunal sentenciador ha infrin-
gido en la apreciación de las pruebas en conjunto, las dispo-
siciones legales que tratan de los medios de prueba y ma-
nera de apreciarlos.—Fallamos: Que debemos declarar y
declaramos no haber lugar al recurso de casación inter-

puesto por Don Manuel Blázquez Acosta, á quien condenamos en las costas, y líbrese al Tribunal de Distrito de San Juan la certificación correspondiente, con devolución de los autos y rollo que ha remitido á los fines procedentes.— Así por esta nuestra sentencia que se publicará en la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Juan Morera Martínez.—Francisco de P. Acuña.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Juan Morera Martínez, Ponente en este recurso, · celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á veinte y nueve de Marzo de mil novecientos.—E. de J. López Gaztambide.